NO. 07-07-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 5, 2009
                                       ______________________________

ALFREDO ANTONIO TREVINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 04-06-0417011-CR; HONORABLE CARA WOOD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINIONAppellant Alfredo Antonio Trevino appeals from the judgment revoking his deferred
adjudication community supervision, adjudicating him guilty of the offense of injury to a
child and sentencing him to ten years of confinement in the Institutional Division of the
Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance
with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re
Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel’s
conclusion the record fails to show any arguably meritorious issue that could support the
appeal, we affirm the trial court’s judgment.
          In June 2004, appellant was indicted on two counts of aggravated sexual assault
of a child.


 In January 2007, appellant, pursuant to a plea agreement, plead guilty to the
lesser-included offense of injury to a child and received deferred adjudication community
supervision for a period of ten years. Appellant’s deferred adjudication was conditioned
on his compliance with specified terms and conditions.
          In May 2007, the State filed a Motion to Revoke Community Supervision, alleging
ten violations of the terms of appellant’s deferred adjudication community supervision. 
This motion was heard by the court in August 2007. Appellant plead ”true” to all but one
of the State’s allegations.


 The court heard evidence from appellant’s probation officer that
appellant failed to comply with several terms and conditions of his community supervision
by, among others, failing to report, failing to complete community service, failing to abide
by travel restrictions, failing to abstain from the use of controlled substances, and failing
to remain at least 1,000 feet from premises where children commonly gather, and overall
“held minimal regard for the conditions of probation.” The court also heard appellant’s brief
testimony in which he indicated to the court his desire to continue his probation.
          Based on appellant’s pleas of “true” and the evidence presented before it, the court
revoked appellant’s community supervision, adjudicated appellant guilty of injury to a child
and assessed appellant’s punishment at ten years of confinement in the Institutional
Division. The court certified appellant’s right of appeal, and he timely filed notice of appeal. 
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which she certifies that she has diligently reviewed
the record and, in her professional opinion, under the controlling authorities and facts of this
case, there is no reversible error or legitimate grounds on which an appeal arguably can be
predicated. The brief discusses the procedural history of the case and the proceedings in
connection with the motion to revoke appellant’s community supervision. Counsel
discusses the applicable law, identifies possible grounds for appeal, then sets forth the
reasons those possible grounds are not arguably meritorious. Counsel has certified that
a copy of the Anders brief and motion to withdraw have been served on appellant, and that
counsel has advised appellant of his right to review the record and file a pro se response.
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this
Court also notified appellant of his opportunity to submit a response to the Anders brief and
motion to withdraw filed by his counsel. Appellant has not filed a response.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
          Counsel first notes that appellant’s plea of “true” to even one allegation in the State’s
motion was sufficient to support a judgment revoking community supervision. Cole v. State,
578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209
(Tex.App.–San Antonio 2006, pet. denied). Counsel also evaluates the possibility that
appellant might argue he received ineffective assistance of counsel in the revocation
proceedings. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing
standard for effective assistance of counsel). We agree with counsel that the record
contains no support for such a contention. 
           Lastly, we agree with counsel that the record does not support a contention the
sentence imposed by the court was improper. See Tex. Penal Code Ann. § 22.04 (Vernon
2005); Tex. Penal Code Ann. § 12.34 (Vernon 2003). See also Jordan v. State, 495
S.W.2d 949, 952 (Tex.Crim.App. 1973); Rodriguez v. State, 917 S.W.2d 90, 92
(Tex.App.–Amarillo 1996, pet. ref’d) (Texas courts have traditionally held that as long as the
sentence is within the range of punishment established by the Legislature in a valid statute,
it does not violate state or federal prohibitions). 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from the revocation,
adjudication of guilt and sentence. We agree it presents no arguably meritorious grounds for
review. Accordingly, we grant counsel's motion to withdraw


 and affirm the judgment of the
trial court.
 
                                                                James T. Campbell

                                                                         Justice

 
 
 
 
 
Do not publish.